UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

No.: 1:13-CV-01510-WWC

LIGHTSTYLES, LTD., a
Pennsylvania Limited Liability
Company, by and through its
bankruptcy Trustee, LEON P.
HALLER,

       Plaintiff,

vs.

MARVIN LUMBER AND CEDAR
COMPANY, D/B/A MARVIN
WINDOWS AND DOORS, a
Minnesota corporation,

       Defendant and
       Third-Party Plaintiff,

vs.

ROBERT L. SLAGLE, an individual,

       Third-Party Defendant.
_____

## MOTION FOR CLARIFICATION[1]

On October 27, 2014 this Court entered an Order (ECF No. 127) with respect to Marvin's Motion to Exceed Page Limitation (ECF No. 116) and ordered, *inter alia:*

---

[1] Given the narrow and straightforward nature of the issue in question, Marvin respectfully requests that the instant pleading constitute both its Motion and brief under Local Rules 7.1 and 7.5.

[1] Marvin may file opening and reply Memoranda of Law in Support of its Motion for Summary Judgment related to Marvin's purported liability to LightStyles that together total no more than ninety (90) pages in length.

On October 27, 2014, Marvin filed a fifty-one (51) page opening brief in support of its Motion for Summary Judgment. On January 12, 2015 Marvin filed its thirty-nine (39) page reply brief in connection with its Motion for Summary Judgment. As Marvin's opening brief totaled fifty-one (51) pages and the reply brief totaled thirty-nine (39) pages, Marvin was in exact compliance with this Court's October 27, 2014 Order.

Also on January 12, 2015, Marvin filed a Statement Of Additional Undisputed Material Facts ("Undisputed Facts"). This six-page document contains a number of undisputed facts that provide some of the factual support for Marvin's Motion for Summary Judgment and otherwise establish that there is no genuine issue of material fact that necessitates a trial on the merits of LightStyles' claims against Marvin. Marvin did not include any legal argument in its Undisputed Facts. Rather, Marvin included all such legal argument in its Reply Memorandum Of Law In Support Of Its Motion For Summary Judgment.

In correspondence dated January 13, 2015 Doug Rovens, counsel for LightStyles and Third-Party Defendant Robert Slagle advised that it was LightStyles position that Marvin's six-page Undisputed Facts was not permitted under Fed. R. Civ. P. 56 or Local Rule 56(1), and was in violation of the Court's

October 27, 2014 Order.  Mr. Rovens also requested that Marvin withdraw the pleading.  *See* Exhibit A, attached hereto.

Marvin respectfully requests clarification of Paragraph 1 of the Court's Order of October 27, 2014.  Marvin reads Paragraph 1 of the Court's Order as addressing only page limitations associated with legal memoranda and not prohibiting the filing of Marvin's Undisputed Facts.

Marvin therefore moves the Court as follows:

1. Should the Court construe Paragraph 1 of its October 27, 2014 Order as permitting the filing of Marvin's Undisputed Facts, Marvin respectfully requests that this Court clarify its prior Order consistent with Marvin's interpretation.

2. In the alternative, should this Court determine that Marvin's filing of its Undisputed Facts was inconsistent with the Court's October 27, 2014 Order, Marvin respectfully requests that the Court clarify its prior Order accordingly and Marvin will promptly withdraw Marvin's Undisputed Facts.

Dated:  January 14, 2015		/s/ Joseph M. Windler
Robert R. Weinstine
Craig S. Krummen
Joseph M. Windler
Winthrop & Weinstine, P.A.
Suite 3500, Capella Tower
225 South Sixth Street
Minneapolis, MN 55402
Tel.:  612.604.6483
Fax:  612.604.6883
ECF User
Counsel for Defendant and Counterclaimant Marvin Lumber and Cedar Company

and

Christopher E. Fisher
Tucker Arensberg, P.C.
2 Lemoyne Drive, Suite 200
Lemoyne, PA  17043
Tel.: 717.234-4121
Fax: 717. 232.6802
ECF User
Counsel for Defendant and Counterclaimant Marvin Lumber and Cedar Company

## CERTIFICATE OF SERVICE

I, Joseph M. Windler, hereby certify that a true and correct copy of **MARVIN'S MOTION FOR CLARIFICATION** has been served this 14th day of January, 2015, upon the individuals listed below via the Court's ECF system:

John M. Ogden, Esquire
257 East Market Street
York, PA 17403

Douglas J. Rovens, Esquire,
Steven A. Lamb, Esquire
Rovens Lamb, LLP
1500 Rosecrans Avenue, Suite 418
Manhattan Beach, CA 90266

/s/ Joseph M. Windler
Joseph M. Windler

9901679v1