IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIGHTSTYLES, LTD, by and through its bankruptcy trustee, LEON P. HALLER,<br>　　　　Plaintiff<br><br>　　　v.<br><br><br>MARVIN LUMBER AND CEDAR COMPANY, d/b/a MARVIN WINDOWS AND DOORS,<br>　　　　Defendant<br><br>　　　v.<br><br>ROBERT L. SLAGLE,<br>　　Third-party Defendant | CIVIL NO. 1:13-CV-1510<br><br>(Judge Caldwell) |

*M E M O R A N D U M*

I.  *Introduction*

　　　Plaintiff, Leon P. Haller, as the trustee in bankruptcy for LightStyles, LTD ("LightStyles"), filed this lawsuit alleging several causes of action based on the decision of defendant, Marvin Lumber and Cedar Company, /d/b/a Marvin Windows and Doors ("Marvin"), to terminate its business relationship with LightStyles in August 2011. Marvin counterclaimed against LightStyles for fraud in the inducement and named Robert L. Slagle, LightStyles' principal, as a third-party defendant for fraud in the inducement. Marvin claims that in January 2009 LightStyles and Slagle fraudulently induced it to continue the business relationship by misrepresenting LightStyles' financial condition.

We are considering Marvin's motion under Fed. R. Civ. P. 37(a)(5)(A) for an award of expenses, including attorney's fees, after it prevailed on a motion to compel responses to two sets of Requests for Admission (RFAs), one sent to LightStyles and the other to Slagle. In ruling on the motion, we required LightStyles and Slagle to file amended answers. *See LightStyles, LTD v. Marvin Lumber & Cedar Co.*, 2014 WL 6982918 (M.D. Pa. Dec. 9, 2014).

II. *Relevant Law*

Marvin's motion to compel was made pursuant to Fed. R. Civ. P. 36(a)(6). That rule permits the requesting party to "move to determine the sufficiency of an answer or objection" to RFAs. Rule 36(a)(6) also allows for an award of expenses by way of Fed. R. Civ. P. 37(a)(5). In pertinent part, Rule 37(a)(5) provides:

> (5) Payment of Expenses; Protective Orders.
>
>   (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> . . . .
>
>   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

As relevant here, Rule 37(a)(5)(A) thus provides that an award of expenses is mandatory unless the opposing party's response or objection to the discovery was substantially justified or other circumstances make an award of expenses unjust.[1] *Drone Technologies, Inc. v. Parrot S.A.*, No. 14-CV-0111, 2015 WL 3756318, at *9 (W.D. Pa. June 12, 2015)(Rule 37(a)(5)(A) requires the court to award expenses unless one of the three exceptions applies). *See also Laborers Local Union 158 v. Fred Shaffer Concrete*, No. 10-CV-1524, 2012 WL 382954, at *1 (M.D. Pa. Feb. 6, 2012)(interpreting Rule 37(d)(3) dealing with sanctions for failing to answer interrogatories); *Dietz & Watson, Inc. v. Liberty Mut. Ins. Co.*, No. 14-CV-4082, 2015 WL 2069280, at *6 (E.D. Pa. May 5, 2015)(noting the mandatory nature of Rule 37(a)(5)). Nonetheless, the exceptions provided in the Rule give the court some discretion in deciding whether to award expenses. *Cf. Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995)(applying then Fed. R. Civ. P. 37(c)(1)).

The nonmoving party has the burden of showing that its response or objection to the discovery was substantially justified or that other circumstances make an award of expenses unjust. *Johnson v. Federal Express Corp.*, No. 12-CV-444, 2014 WL 65761, at *1 (M.D. Pa. Jan. 8, 2014)(applying Fed. R. Civ. P. 37(c)(1)); *Crooks v. Nat'l Oilwell Vargo, L.P.*, No. 10-CV-1036, 2013 WL 3481581, at *3 (M.D. Pa. June 24,

---

[1] Subsection (i) disallows expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action . . . ." This subsection does not apply here as Marvin did seek to resolve its dispute over the discovery with the opposing parties before filing the motion.

-3-

2013)(applying Fed. R. Civ. P. 37(c)(1)); *Tolerico v. Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002)(applying Fed. R. Civ. P. 37(c)(1)). The moving party has the burden of showing that its claim for attorney's fees is reasonable. *ASD Specialty Healthcare, Inc. v. New Life Home Care, Inc.*, No. 11-CV-0068, 2013 WL 1482777, at *7 (M.D. Pa. April 10, 2013)(applying Fed. R. Civ. P. 37(b)(2)(C)). The starting point for determining the reasonableness of attorney's fees is the lodestar calculation, the number of hours reasonably expended times an hourly fee based on the prevailing market rate. *Id.* (quoting *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988)).

A party is substantially justified in failing to make required discovery when a reasonable person is "satisf[ied] . . . that parties could differ as to whether the party was required to comply with the disclosure request." *Tolerico*, *supra*, 205 F.R.D. at 175 (quoted case and internal quotation marks omitted); *Johnson*, *supra*, 2014 WL 65761, at *1 (quoting *Tolerico*); *Crooks*, *supra*, 2013 WL 3481581, at *3 (quoting *Tolerico*). "The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance." *Tolerico*, *supra*, 205 F.R.D. at 175-76 (quoted case and internal quotation marks omitted); *Crooks*, *supra*, 2013 WL 3481581, at *3 (quoting *Tolerico*). *See also Grider v. Keystone Health Plan Central*, 580 F.3d 119, 140 n.23 (3d Cir. 2009)(noting *Tolerico*'s definition of "substantial justification").

The other exception, "when other circumstances make an award of expenses unjust," allows a court to take into account equitable considerations. *See*

-4-

*Taylor v. United States*, 815 F.2d 249, 252 (3d Cir. 1987)(applying the fee-shifting provision of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), allowing a court, in part, to deny fees if "special circumstances make an award unjust"); *Kane v. Commissioner of Social Security*, No. 12-CV-1899, 2013 WL 6669189, at *4 (D.N.J. Dec. 18, 2013)(applying the EAJA).

III. *Discussion*

Marvin had requested its expenses as part of its motion to compel responses to its two sets of RFAs. As part of the order granting the motion to compel, we required LightStyles and Slagle, in accord with Rule 37(a)(5)(A), to show why Marvin should not recover its attorney's fees and costs, but we first required Marvin to file an itemization of its fees and costs. (Doc. 149, order dated Dec. 9, 2014).

Marvin filed the itemization by way of the penalty-of-perjury declaration of Joseph M. Winder, one of the attorneys representing Marvin. (Doc. 152). He affirms that two attorneys worked on the motion to compel, Craig S. Krummen and John Sellner. Krummen's billing rate for 2014 was $455 per hour, and he spent a total of 28.7 hours on the motion, for attorney's fees in the amount of $13,058.50. Sellner's billing rate for 2014 was $250, and he spent a total of 46.2 hours on the motion, for attorney's fees in the amount of $11,550. Marvin seeks only its attorney's fees as expenses. For the total number of hours worked, 74.90, the amount sought is $24,608.50. Winder affirms that the fee amount is reasonable.

LightStyles and Slagle then filed their brief in opposition. In opposing the request for expenses, they make the following arguments. First, Marvin did not obtain the relief it requested. It requested that its RFAs be deemed admitted, but the court instead allowed LightStyles and Slagle to file amended answers. We disagree with this argument. The mere fact that we did not deem the answers admitted does not foreclose an award of expenses. Marvin was successful in that we agreed that the original responses were not sufficient even if we did not grant the specific relief requested. The relief we did grant, amended responses, is contemplated by Rule 36(a)(6)("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.").

Second, LightStyles and Slagle argue Marvin has failed to meet its burden that the hours spent on the motion were reasonable. In support, they point out that a sixteen-page section of Marvin's twenty-eight-page brief in support of the motion to compel was dedicated to a detailed statement of the facts, with accompanying exhibits, supporting Marvin's claim of fraud in the inducement. LightStyles and Slagle maintain this section was unnecessary as they did not object to the RFAs on the basis of relevancy, so there was no need for Marvin to include in its brief any facts underlying its claim. They also contend that the fact section was included to prejudice the court in regard to Marvin's motion for summary judgment on the claims made against it. Since the court must exclude from the lodestar any unnecessary hours, *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001), LightStyles and Slagle contend the court

should exclude from the compensable hours one-half to two-thirds of the 74.90 hours claimed, LightStyles and Slagle's estimate of the number of unnecessary hours spent on providing factual detail of Marvin's claim for fraud in the inducement.

Marvin replies that it had to include all of the background in its brief because LightStyles and Slagle had objected to the RFAs on the bases that they were "vague and ambiguous" and "overly broad," and all the facts it set forth were required to show why those objections lacked merit in the context of the case.

We disagree with Marvin that the sixteen-page section it included in its brief was necessary to present the merits of its motion. The section reads like part of a brief filed in connection with a summary judgment motion more than a brief filed in connection with a discovery dispute. We will therefore reduce the number of compensable hours by one half.

Third, LightStyles and Slagle argue that Marvin failed to show that the hourly rates charged by Krummen and Sellner were comparable to the prevailing market rates in the relevant community, here the Middle District of Pennsylvania. Under the lodestar calculation, the moving party must show that the rates charged are comparable "to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado*, 256 F.3d at 184. (quoted case and internal quotation marks omitted). LightStyles and Slagle argue that Marvin merely relied on the rates these individual lawyers charged.

We agree with Marvin's position on this issue. Marvin does have the burden of showing that the hourly rates were reasonable but did not meet that burden initially only because the court decided to proceed on Marvin's request for expenses by first ordering it to file an itemization, to be followed by LightStyles and Slagle's brief showing why expenses should not be awarded. Marvin complied with the order by filing the itemization; it satisfied its burden in regard to hourly rates by way of its reply brief after LightStyles and Slagle raised the issue in their own brief.

As Marvin argues, it can show that its hourly rates are reasonable by relying on the fee schedule Community Legal Services (CLS) of Philadelphia has established as prevailing rates for the purpose of fee awards. *See Benjamin v. Dep't of Public Welfare, Commonwealth of Pennsylvania*, No. 09-CV-1182, 2014 WL 4793736, at *8 (M.D. Pa. Sept. 25, 2014); *Stockport Mountain Corp., LLC v. Norcross Wildlife Found., Inc.*, No. 11-CV-514, 2014 WL 131604, at *4 (M.D. Pa. Jan. 13, 2014); *Brown v. Trueblue, Inc.*, No. 10-CV-514, 2013 WL 5947499, at *2 (M.D. Pa. Nov. 5, 2013).

In the instant case, Krummen has nineteen years of experience, and his hourly rate was $455. (Doc. 152, Winder Decl. ¶ 4). The CLS schedule indicates that an hourly rate for an attorney of his experience ranges from $435 to $505. (Doc. 164-1, ECF p. 2). We will accept his hourly rate since it falls within this range. Sellner graduated from law school in 2008, and his hourly rate was $250. (Doc. 164, Sellner Decl. ¶ 2). We will accept his hourly rate because the CLS schedule indicates that an hourly rate for an attorney of his experience ranges from $265 to $335. (Doc. 164-1,

-8-

ECF p. 2). Even an attorney with only two years of experience could earn this rate as the range for attorneys with two to five years of experience is $180 to $250. (*Id.*).

Fourth, LightStyles and Slagle assert no expenses should be awarded because they were substantially justified in their original answers and objections to the RFAs. As we see it, they provide two grounds for this argument. For one, merely because the court ordered that they amend their answers does not automatically mean they had no substantial justification for their original responses to the discovery request; their counsel asserted objections to protect their clients' interests and had an explanation for those objections. For another, their counsel has always acted in good faith and attempted to resolve the dispute without court intervention.

We agree with LightStyles and Slagle that their loss of the discovery motion does not mean that their position on the discovery dispute was not substantially justified. As noted above, substantial justification exists if a reasonable person could conclude that the parties could disagree whether compliance with the discovery request was required. *Tolerico*, *supra*, 205 F.R.D. at 175. Stated another way, substantial justification exists if there is a genuine dispute concerning compliance. *Id.* at 175-76.

However, we disagree with LightStyles and Slagle that their position was substantially justified. As noted in the court's memorandum resolving the discovery dispute, their objections were no bases for failing to answer certain RFAs; the RFAs could have been answered with qualification if necessary.

LightStyles and Slagle's second ground for substantial justification is that their counsel has always acted in good faith and attempted to resolve the dispute without court intervention. We have no doubt that counsel acted in good faith and was earnestly advancing his clients' interests in his answers to the RFAs. However, good faith does not constitute substantial justification. *See Pugliese v. County of Lancaster*, No. 12-CV-7073, 2014 WL 5470469, at *2 (E.D. Pa. Oct. 29, 2014)(Rule 37(a)(5)(A) does not require "a finding of bad faith or intentional wrongdoing to shift fees")(citing the 1970 commentary to subdivision (a)(4)). *See also Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007)(a finding of bad faith is not required for the imposition of discovery sanctions under Fed. R. Civ. P. 16(f)). *But see ASD Specialty Healthcare*, *supra*, 2013 WL 1482777, at *7 (Rule 37(a)(5)(A) "direct[s] the court not to award fees when there is evidence of good faith attempts to make discovery disclosures.").[2]

Fifth, LightStyles and Slagle assert that other circumstances make an award of expenses unjust. Under this exception, they contend we can apply equitable principles recognized in *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191 (3d Cir. 1988), to deny the request for attorney's fees entirely or to reduce the amount of the fees awarded. In *Doering*, the Third Circuit held that in deciding on a sanction under Fed. R. Civ. P. 11 a district court could take into account equitable considerations, including the sanctioned party's ability to pay and whether the amount of

---

[2] Because the rule contains this "substantially justified" exception, LightStyles and Slagle cannot rely on the equitable "other circumstances" exception to make their good-faith argument. Otherwise, the latter exception would swallow up the former.

the sanction would be punitive.  *Id.* at 195-96.  Here, LightStyles and Slagle point out that they are both in bankruptcy and that they are represented by a small two-attorney firm appointed by the bankruptcy trustee.  As another equitable consideration, they argue that their counsel has no history of violating discovery rules.  *Id.* at 197 n.6.

We agree that a party's ability to pay is an equitable consideration in fee shifting under Rule 37(a)(5)(A).  However, as Marvin points out, it is not unusual for discovery sanctions to be imposed on a party in bankruptcy.  Further, we would need more details on counsel's ability to pay than the fact that he works in a two-lawyer firm.  As Marvin observes, counsel's hourly rate is $600.  (Doc. 164-1, ECF p.5).  In contrast, the lawyer in *Doering* reported an annual income of $40,000 and was facing a sanction of $25,000.  *Doering*, 857 F.2d at 192, 196 n.5.

Based on the foregoing, we will grant Marvin's motion for expenses under Rule 37(a)(5)(A).  As noted, we will reduce the hours by half so that the award will be in the amount of $12,304.25.

                                             /s/William W. Caldwell
                                             William W. Caldwell
                                             United States District Judge

July 6, 2015